*Law Library*

## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 MAY -7 PM 2: 56

CLERK OF COURT

LIWAYWAY C. ISAAC,                          )        Domestic Case no. DM 0050-09
                                            )
                        Plaintiff,          )
                                            )
            v.                              )
                                            )        **FINDINGS OF FACT and**
                                            )        **CONCLUSIONS OF LAW**
BRIAN EDWARD ISAAC,                         )
                                            )
                                            )
                        Defendant.          )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on August 28, 2012. The Plaintiff was represented by Attorney Brook E. Wright. The Defendant was represented by Daniel Somerfleck . Findings of Facts were due on September 28, 2012. Thereafter, the Court took the matter under advisement. Having considered the witnesses' testimony and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

## FINDINGS OF FACT

1.   The parties were married on July 25, 1998;

2.   Plaintiff and Defendant are the legal parents of three minor children: Emberlane Maria Isaac (DOB:11/15/96), who was adopted by the Defendant on December 19, 2008; Cynthia Lorraine Isaac (DOB:08/18/98); Katherine Elizabeth Isaac (DOB:1/03/05).

3.   The parties separated on or about October 1, 2008;

4.   The Complaint filed on January 23, 2009 sought for divorce based on irreconcilable difference;

5.   The community property of the parties is comprised of:

    a.   2002 Honda Civic;

    b.   Household furnishings, appliances, personal effects and jewelry of the parties;

    c.   Defendant's retirement benefits from July 1998 through October 2008.

6.   The community debts of the Plaintiff and Defendant consisting of the following:

    a.   Personal loan with Navy Federal Credit Union in excess of Eighteen Thousand Dollars ($18,000.00) in 2008;

    b.   USAA Visa with a balance of Eight Thousand Dollars ($8,000.00) in 2008

    c.   Chase Visa with a current balance of Five Thousand Eight Hundred Seventy Dollars ($5,870.00)

    d.   Star Card with a balance of Seven Thousand Eight Hundred Dollars ($7,800.00) in 2008

7.   No reconciliation is possible between the parties.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 7 G.C.A. §3105 and 19 G.C.A. §§ 8201, 8318-19.

**Grounds for Divorce**

Under Guam law, if the divorce is rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions at

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

the court, from all the facts in the case, and the condition of the parties, may deem just. 19 G.C.A. § 8411(a). Extreme cruelty is defined as "the wrongful infliction of grievous bodily injury, or grievous mental suffering upon the other by one party to the marriage." 19 G.C.A. § 8205. The "grievous mental suffering" could be humiliation or embarrassment, determined in light of the intelligence, refinement, and delicacy of sentiment of the Plaintiff. See *Kenner v. Kenner,* 18 Cal.App.2d 487, 492 (1946) (wife associated with other men). Adultery is defined as the "voluntary sexual intercourse of married person with a person other than the offender's husband or wife" 19 G.C.A. § 8204.

On January 23, 2009, Plaintiff filed her Complaint alleging three (3) children of the marriage and sought a divorce based upon irreconcilable differences. Defendant alleged extreme cruelty as grounds for divorce in his Answer and Counterclaim for Divorce. (Answer at 2). Based on the evidence and testimonies from both parties, the Court hereby renders the divorce on the grounds of adultery based on the following analysis.

Upon receiving Plaintiff's own admission and Defendant's testimony, the Court finds sufficient evidence to render the divorce on the grounds of adultery. As stated at the bench trial and on Plaintiff's Second Amended Complaint, Plaintiff disputes the paternity of the two minor children born during the marriage. As such, she admits adultery because she contends Defendant may not be the biological father of the children. In addition, Defendant testified when he was deployed in Italy, Plaintiff was living with another man in their home in Virginia. Such evidence of specific conduct further establishes Plaintiff's adultery.

Defendant also seeks for the divorce to be rendered on the grounds of extreme cruelty, alleging the "wrongful infliction of grievous mental suffering"." Although the Court can reasonably infer humiliation and embarrassment on the part of the Defendant, the Court was not presented with sufficient evidence which would conclusively support such a finding. Accordingly, the Court grants Defendant's counterclaim for divorce on the grounds of adultery,

but not for extreme cruelty.

**Community Property & Debt**

Under Guam law, "the community property...shall be assigned as follows... [i]f the decree is rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions as the court, from all the facts in the case, and the condition of the parties, may seem just." 19 G.C.A. § 8411(a). Community property is defined as "property acquired by either spouse during marriage which is not separate property." 19 G.C.A. § 6101(b). Community debt is defined as "debt contracted or incurred by either or both spouses during marriage which is not separate debt." 19 G.C.A. § 6102(b). This Court, in the award of community property may consider the needs of the minor children. *See In re Marriage of Hermann,* 148 Cal.Rptr. 550, 552 (1978) *referring to In re Marriage of Boseman,* 107 Cal.Rptr. 232 (1973). Additionally, where a party to a marriage successfully secures a divorce based on the grounds of extreme cruelty, he or she is properly awarded more than half of the community property. *See Quafelli v. Quafelli,* 277 P. 1089, 1090 (1929).

The Supreme Court of Guam has held that "the community property to be divided upon dissolution of marriage is the residue which remains after the discharge of the community obligations. Title 19 G.C.A. § 6104(a) provides the priorities for satisfaction of community debt and states:

> "Community debts shall be satisfied first from all community property and all property in which the spouses own an undivided equal interest as joint tenants or tenants in common, excluding the residence of the spouses. Should such property be insufficient, community debts shall then be satisfied from the residence of the spouses, [then from the] separate property of the spouse who contracted or incurred the debt shall be liable for its satisfaction. If both spouses contracted or incurred the debt, the separate property of both spouses is jointly and severally liable for its satisfaction."

Plaintiff seeks an equitable distribution of the other community property and debt. However, based on the facts and the circumstances present in this case, the Court, in its

discretion, finds that an unequal award of community property to the Defendant is appropriate based on the grounds of adultery.

The community property of the parties at the time of the divorce consisted of a 2002 Honda Civic, household goods, furnishings, and Defendant's military retirement benefits. Although the parties were married for over ten years, there were many instances of separation and reconciliation. The following factors were taken into consideration in order to make the distribution of property and order the assumption of the debts of the parties. First, substantial debts have been incurred by the parties, however, most of which have been assumed by the Defendant since the date of separation in 2008. Secondly, Defendant has agreed for Plaintiff to be awarded the 2002 Honda Civic. Accordingly, the Court awards Defendant all of the household goods and furnishing and Plaintiff the 2002 Honda Civic.

The community debt are as follows a) USAA Visa with a balance of Eight Thousand Dollars ($8,000.00) in 2008, with a current balance of Five Thousand Eight Hundred Seventy Dollars ($5,870.00); b) Chase Visa with a balance of Five Thousand Two Hundred Dollars and Fifteen Dollars ($5,215.00); c) Star Card with a balance of Seven Thousand Eight Hundred Dollars ($7,800.00) in 2008, and with current balance of Four Thousand One Hundred Thirty Seven Dollars ($4,137.00); and d) NFCU Visa which was in excess of Eighteen Thousand Dollars ($18,000.00) in 2008, with a current balance of Fifteen Thousand Three Hundred and Fifty Eight Dollars ($15,358.00).

In addition, Plaintiff submits an invoice for One Thousand Three Hundred Dollar ($1,300.00) for services rendered by the Seattle law firm of Cogdill, Nicholas, Rein, Warselle and Andrews to be community debt. However, because the invoice was made after the parties' separation, the debt is Plaintiff's separate debt.

**Retirement Benefits**

Accordingly to the Uniform Services Former Spouses's Protection Act ("USFSPA") 10 USC §1408, a former spouse is awarded as community property a percentage of the member's disposable military pay. Plaintiff asserts that she is entitled to a percentage of Defendant's retirement benefits based on their ten years of marriage. The Guam Supreme Court has granted the Superior Courts of Guam jurisdiction to treat military retirement pay in accordance with Guam's community property laws under §1408(c) of the USFSPA. *Hart v. Hart* 2008 Guam 11.

As held in the *Hart* opinion, Plaintiff submits using the "time rule" for determining the amount of retirement benefits Plaintiff is entitled to. Under the time rule of apportionment, "the community property interest in retirement benefits is the percentage representing the fraction whose numerator is the employee spouse's length of services during marriage before separation… and whose denominator is the employee spouse's length of service in total." *In re Marriage of Poppe,* Plaintiff seeks the Defendant's military retirement benefits accrued from July 25, 1998 until October 1, 2008. The parties were married in 1998 and final separation was in 2008. Although the parties were legally married for over ten years, the Court finds the parties voluntarily spent a considerable amount of time apart, not due to military service.

Based on the testimony of both parties, the Court finds Plaintiff did not have a stable income during the course of the marriage. The community debt consists of primarily household expenses which were paid from Defendant's yearly income of Forty Four Thousand Dollars ($44,000.00). The Court finds Defendant as the only party with income and paying off the community debt. Lastly, as stated above, the Plaintiff admitted to committing adultery. Therefore, the Court holds that an unequal distribution of the community assets and debts is warranted. The Court hereby awards the Defendant all the interest in his retirement benefits.

The Court also apportions the responsibility of Community debts in the amount of one-third to the Plaintiff and two-thirds to the Defendant. The uneven apportionment will make up a portion of the value of the distribution of the assets as well as reflect the fact that the Defendant will most likely end up paying for the debt. The Defendant is awarded a credit for one-third of all payments made after separation on behalf of the parties.

**Paternity Test**

Under Guam law, a child born in wedlock is presumed to be the child of the husband and wife. The presumption of legitimacy can only be disputed by the husband or wife and illegitimacy may be proven like any other fact. 19 G.C.A. § 4101, 4102. In the instant case, Defendant is the adoptive father of Emberlane Maria Isaac. Since Cynthia Lorraine Isaac and Katherine Elizabeth Isaac were born during the marriage, it is presumed that Defendant is the biological father.

Generally, the best interests of the children are served by joint and legal physical custody between the parties. The Court has not been presented with any evidence to suggest otherwise. Based on Defendant's testimony, he continues to assert he is the biological father and the children recognize him as such. Thus, the Court finds the current arrangement two weeks with the Plaintiff and two weeks with the Defendant to be in the best interests of the children.

**Spousal & Child Support**

In Plaintiff's First Amended Complaint filed on April 30, 2009, Plaintiff alleged there are three children of the marriage and the parties should have joint physical custody of the minor children. Subsequently, in Plaintiff's Second Amended Complaint filed on September 8, 2011, Plaintiff asserts there are no minor children of the marriage and disputes Defendant as the biological father of any of the three (3) minor children. Plaintiff now seeks sole custody of the children with no visitations with the Defendant and spousal support of One Thousand Dollars

($1,000.00) per month for a period of 3 years.

Defendant contends Plaintiff does not need spousal support because she has been able to financially support herself since the separation. Plaintiff argues she is entitled to child support of Seven Hundred Sixty Dollars ($760) per month for the support, care, maintenance, and education of the three minor children. The Court finds in favor of the Defendant and awards Plaintiff no amount in spousal support. Child Support is awarded in the amount as determined by the Child Support Referee.

**Survivor Benefit Plan**

Under 10 U.S.C. § 1447-55, the Survivor Benefit Plan ("SBP"), Defendant is eligible to participate as an active duty member. The DBP is designed to provide financial security through an inflation adjusted monthly income to a designated beneficiary of an active retired military member. It is at the Court's discretion whether or not to require the service member to participate in the SBP, and to name their former spouse as a beneficiary.

Plaintiff argues Defendant is still in active duty and may opt to participate in the SBP. Plaintiff further contends due to the ten years of marriage and the three minor children, Defendant should be ordered into the SBP and name the Plaintiff and children as beneficiaries. The Court disagrees and finds Plaintiff uses the facts of the instant case to her convenience and to obtain personal benefits. Plaintiff asserts the marriage lasted for over ten years, yet admits to extended periods of time where the parties were apart due to their own free will. Moreover, Plaintiff disputes the fact Defendant is the biological father of the children, yet continues to maintain she deserves all the benefits of having legitimate children with the Defendant. In addition, Plaintiff admits to having extra marital relations outside the marriage. Due to the unstable nature of their marriage, the Court finds Plaintiffs requests to be self-serving and lacking in merit, therefore denies Plaintiff's request to order Defendant to opt into the SBP

## CONCLUSION

As stated above, the Court awards Defendant all of the household goods and furnishings and Plaintiff the 2002 Honda Civic. As for the community debt, Defendant is ordered to be responsible for two-thirds of the debt and Plaintiff is responsible for one-third of the debt. Defendant will receive credit for one third of the payments made after separation on the debt. Because the grounds for Divorce are adultery and in part, on the basis that the parties lived apart for substantial portions of the marriage, the Court awards Defendant all of the interest in his retirement benefits. The Court finds Plaintiff is entitled to no spousal support. Child support is awarded in the amount as ordered by the Child Support Referee. Lastly, the Court denies Plaintiff's request to order Defendant to opt into the Survivor Benefit Program.

Counsel for the Defendant shall prepare the Interlocutory and Final Decree of Divorce consistent with the Court's Findings and get approval as to form.

SO ORDERED, this 7th day of May 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam


I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of the Dated at Hagatna Guam.

MAY 07 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam